CRAIN, Judge.
This is an appeal of a judgment awarding workman’s compensation benefits to an injured employee.
On November 3, 1986, Henry Perry, Jr., was injured while unloading a piece of equipment from the back of a truck while in the course and scope of his employment with Bronco Construction Company. Commercial Union Insurance (Commercial) provides workmen’s compensation coverage for Bronco Construction Company. The plaintiff sustained a renal hematuria secondary to a kidney contusion. Dr. Grissom *694 prescribed antibiotics and bedrest until the bleeding subsided. The plaintiff visited Dr. Grissom’s associate, Dr. Clayton, in December and again in February, complaining of back pain, groin discomfort and eventually impotence. On April 1, 1987, Dr. Grissom examined the plaintiff and diagnosed pros-tatitis. Dr. Grissom treated the plaintiff with antibiotics and anti-inflammatory drugs. The plaintiff consulted Dr. Grissom again in early June with similar complaints.
Commercial paid worker’s compensation benefits for the kidney injury but refused to pay benefits for the prostatitis. The trial court found for the plaintiff and awarded compensation benefits. Defendant appeals.
The issue for review is whether the trial court erred in holding that the defendants failed to meet their burden of showing that it is more probable than not that the plaintiff’s prostatitis was not caused by the work accident.
As stated by the Louisiana Supreme Court in Walton v. Normandy Village Homes Association, Inc., 475 So.2d 320, 324-25 (La.1985):
[1-3] As in other civil suits the employee in a worker compensation proceeding initially has the burden of establishing his disability and its causal relation with the employment accident by a preponderance of the evidence. In order for the employee to recover, it must be determined that the employment somehow caused or contributed to the disability, but it is not necessary that the exact cause be found. A claimant’s disability is presumed to have resulted from an accident, however, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing either that there is sufficient medical evidence to show there to be a reasonable possibility of causal connection between the accident and the disabling condition, or that the nature of the accident, when combined with the other facts of the case, raises a natural inference through human experience of such a causal connection.
[4, 5] Preexisting disease or infirmity of the employee does not disqualify a claim if the work-injury aggravated, accelerated, or combined with the disease or infirmity to produce death or disability for which compensation is claimed. Cor-relatively, when an employee proves that before the accident he had not manifested disabling symptoms, but that commencing with the accident the disabling symptoms appeared and manifested themselves thereafter, and that there is either medical or circumstantial evidence indicating a reasonable possibility of causal connection between the accident and the activation of the disabling condition, the employee’s work injury is presumed to have aggravated, accelerated or combined with his preexisting disease or infirmity to produce his disability....
[6] Once the disabled employee establishes the presumption of a causal relationship, the party denying the existence of the presumed fact assumes both the burden of producing evidence and the burden of persuasion on the issue.... In other words, in order for the party denying the existence of the presumed causal relationship to prevail on the issue, he must produce evidence and persuade the trier of fact that it is more probable than not that the work-injury did not accelerate, aggravate or combine with the preexisting disease or infirmity to produce his disability....
[7] The effect of the presumption is not so slight and evanescent that it is spent and disappears upon the mere production of evidence by the adversary. It is a true presumption which has been created for policy reasons that are similar to and just as strong as those that underlie the compensation principle itself: the probability of the causal connection under the circumstances which give rise to the presumption, the difficulty of proving causation with testimony by medical experts often sharply divided by differing schools of opinion, and the desirability of reducing the margin of error inherent in litigation as to a disabled *695 employee, both because he has at stake an interest of transcending value — his and his family’s livelihood — and because those persons who enjoy the product of a business should ultimately bear the cost of injuries or deaths that are incident to the manufacture, preparation and distribution of the product, (citations omitted)
Through lay testimony, the plaintiff established that he was in good health before the accident in 1986. This was not contradicted by the defendant. The trial court, applying Walton v. Normandy, shifted the burden of proof and persuasion to the defendants. The defendants relied solely on the deposition testimony of Dr. Grissom. Dr. Grissom testified that prostatitis is an infection or inflammation of the prostate gland. He stated that more probable than not that the prostatitis was not caused by the accident but that it was possible for prostatitis to be caused by a trauma and that it was reasonably possible that the work injury either caused, contributed to or aggravated the prostate condition. He concluded that he could not determine the causation of the plaintiffs prostatitis.
The trial court found that there is a bright line of demarcation of conditions of health before trauma to the renal system and after trauma; several hypothesis of the cause for prostatitis are reasonable; the etiology here has not been determined; no cultures were done in this case, and in spite of treatment with three antibiotics, the problem is recurring.
The trial court further found that there was doubt unresolved in this case and held in favor of the employee.
Defendants had the burden of proving that the non-existence of the presumed fact, i.e., that work injury accelerated, aggravated or combined with the preexisting dysfunction to produce disability, was more probable than its existence. In applying this burden of proof, the trier of fact was required to decide the issue in favor of the employee if the trier of fact was convinced that the existence of the presumed fact was more probable than its non-existence, that its existence was at least as likely as its non-existence, or if the trier of fact was in doubt as to its existence or non-existence. Walton, 475 at 329, 330. (emphasis supplied)
We find no error in the judgment of the trial court. Due to the limited evidence produced we have no choice but to affirm.
The judgment of the trial court is affirmed. All costs are assessed against the appellant.
AFFIRMED.